269 N.J. Super. 310 (1993)
635 A.2d 544
BERNARD J. MEYER, APPELLANT,
v.
NEW JERSEY DEPARTMENT OF HUMAN SERVICES, DIVISION OF FAMILY DEVELOPMENT, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1993.
Decided December 23, 1993.
*311 Before Judges MICHELS and SKILLMAN.
Cary L. Winslow argued the cause for appellant (Passaic County Legal Aid Society, attorneys; Mr. Winslow, on the brief).
James T. Hill, Jr., Deputy Attorney General, argued the cause for respondent (Fred DeVesa, Acting Attorney General, attorney; Mary C. Jacobson, Deputy Attorney General, of counsel; Mr. Hill, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
Appellant is a disabled Vietnam War veteran who receives veterans disability benefits of $308 per month. In addition, appellant is eligible for food stamps, a federal program administered by the Passaic County Board of Social Services (the Board) under the supervision of the Division of Family Development, formerly the Division of Economic Assistance (the Division). During 1991 appellant was receiving the maximum food stamp allowance of $111 per month. In August 1991, appellant also began receiving federal supplemental security income (SSI) benefits of $176.25 per month.
When the Board became aware that appellant was receiving SSI benefits, it notified him that his food stamp benefits would be reduced from $111 to $55 per month, effective January 1, 1992.
The notice, dated December 17, 1991, stated:
Food Stamp Action
Your food stamp benefits will be reduced from $111 to $55 effective January 1, 1992.
This action is taken because there has been a receipt of or increase in supplemental security income (SSI). Your total supplemental security income benefits are $157.
*312 The notice also stated that appellant was entitled to a hearing if he contested the reduction of his benefits. However, the notice did not inform him how the reduction had been calculated.
Appellant contested the reduction of his food stamp benefits on the grounds that the notice had been defective and that the Board had failed to consider a rent increase he received in March 1991. An Administrative Law Judge (ALJ) found that appellant's current monthly rent is $325. This rent expense entitles appellant to the full $111 per month food stamp allowance, even though he now receives both $308 per month of veterans disability benefits and $176.25 of SSI. The ALJ also found that appellant had used a lump sum payment of retroactive SSI benefits to pay his landlord back rent for a period commencing in March 1991. However, the ALJ concluded that appellant was not retroactively entitled to the full food stamp allowance of $111 for the months of January, February and March, 1992 because he had failed to notify the Board of his rent increase until March 26, 1992.
Appellant filed exceptions to the ALJ's recommended decision, contending among other things that "[t]he state-generated notice of December 17, 1991 was legally insufficient and could not effect a reduction [of his Food Stamp benefits]." However, the Director of the Division rejected appellant's arguments and adopted the ALJ's recommended decision, stating that "[s]ince [appellant's receipt of SSI benefits] was the only change contemplated by the agency the notice was sufficient."
Congress enacted the food stamp program in 1964 to "permit low-income households to obtain a more nutritious diet through normal channels of trade by increasing food purchasing power." Pub.L. No. 88-525, § 2, 7 U.S.C.A. § 2011. Congress delegated broad supervisory authority over the administration of the program to the Secretary of Agriculture, which includes the authority to adopt such regulations "as the Secretary deems necessary or appropriate for the effective and efficient administration of the food stamp program." 7 U.S.C.A. § 2013(c). Congress delegated responsibility for the direct administration of the program to the *313 "state agencies" designated by each individual state. 7 U.S.C.A. §§ 2012(m), 2020. In New Jersey the counties are responsible for direct administration of the food stamp program, with the State retaining ultimate responsibility for ensuring that the program is administered in conformity with federal statutes and regulations. N.J.A.C. 10:87-1.2.
The Secretary has exercised his authority under the federal legislation by adopting a regulation which provides that a recipient must be given a notice of any proposed reduction or termination of benefits which explains the reason for the action in easily understandable language. 7 C.F.R. 273.13(a)(2). In Ortiz v. Eichler, 616 F. Supp. 1046, 1061-62 (D.Del. 1985), aff'd, 794 F.2d 889 (3d Cir.1986), the court held that this regulation must be interpreted in light of due process requirements:
At a minimum, due process requires the agency to explain, in terms comprehensible to the claimant, exactly what the agency proposes to do and why the agency is taking this action.... If calculations of a claimant's income or resources are involved, DES must set forth the calculations it used to arrive at its decision, i.e. explain what funds it considers the claimant to have and what the relevant eligibility limits are. This detailed information is needed to enable claimants to understand what the agency has decided, so that they may assess the correctness of the agency's decision, make an informed decision as to whether to appeal, and be prepared for the issues to be addressed at the hearing.
Accordingly, the district court entered an order which required the state agency administering the program to provide food stamp recipients whose benefits are being reduced or terminated with adequate notice, which must, "if calculations ... are involved, set forth the calculations used by the agency, ... explanations of what income and/or resources the agency considers available to the claimant and the source or identity of these funds, and the relevant eligibility limits and maximum benefit payment levels." 794 F.2d at 892. In affirming, the Third Circuit stated that the district court's requirement of "a statement of the calculations used by the agency ... is amply supported by a formidable array of case law." Id. at 889.
The Division does not dispute the correctness of the Third Circuit's decision in Ortiz. Indeed, the Division transmitted a copy of the decision to the directors of all county welfare agencies *314 through a "Procedural Bulletin" which stated that "[d]ivision staff activity is currently in progress to implement the decision as promptly as possible."
Nevertheless, the Division approved the Board's use of a notice of reduction of food stamp benefits which plainly failed to comply with Ortiz. Although the Board's notice informed appellant of the reason for the reduction of his benefits, namely, his receipt of SSI, it failed to inform him of the method by which the reduction of his benefits from $111 to $55 had been calculated. If that calculation had been disclosed to appellant, he would have been alerted to the fact that the Board was under the impression that his rental expense was $100 per month rather than the actual amount of $325. In that event, appellant could have promptly notified the Board of his actual rent, thereby preventing the reduction in his food stamp benefits. Consequently, appellant could have maintained his food stamp benefits at a level of $111 per month if the Board's notice of the proposed reduction had been accompanied by an explanation of the recalculation of those benefits as required by Ortiz.
The Division argues that the notice given appellant was sufficient because he was "free to contact the welfare agency to find out how his food stamp recalculation had been determined." However, the district court in Ortiz rejected this same argument:
Defendants' second contention  that notice inadequacies are unimportant because claimants can call the agency for more detailed information  has been repeatedly rejected by other federal courts.... [T]he burden of providing adequate notice rests with the state, and it cannot shift that burden to the individual by providing inadequate notice and inviting the claimant to call to receive complete notice. As the Seventh Circuit Court of Appeals [has] observed ..., public assistance recipients are often less capable than other people of taking affirmative actions to protect their interests. The result of requiring claimants to make phone calls to obtain adequate notice would be that only the aggressive would receive due process, whereas the applicable regulations require the state to provide due process for all claimants.

[616 F. Supp. at 1062; citations omitted.]
Accordingly, we reverse the Division's final decision and direct that appellant be paid the full amount of his food stamp benefits for January, February and March of 1992.