**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4263-16T1
                 A-5424-16T1

H.T.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND HEALTH
SERVICES and HUDSON COUNTY
BOARD OF SOCIAL SERVICES,

      Respondents-Respondents.

_____

          Submitted February 5, 2019 – Decided  March 1, 2019

          Before Judges Rothstadt, Gilson and Natali.

          On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

          SB2, Inc., attorneys for appellant (Ada Sachter Gallicchio, on the brief).

          Gurbir S. Grewal, Attorney General, attorney for respondent Division of Medical Assistance and Health Services (Melissa H. Raksa, Assistant Attorney

General, of counsel; Jacqueline R. D'Alessandro,
Deputy Attorney General, on the brief).

PER CURIAM

These consolidated appeals require us to resolve two independent issues. In appeal A-5424-16, we decide if respondent Division of Medical Assistance and Health Services (Division) abused its discretion when it denied petitioner H.T.'s request for Medicaid benefits under the New Jersey Care Special Medicaid Program. Because we conclude that the Division correctly determined that H.T. presented no evidence, and advanced no argument, to dispute the Division's finding that she was financially ineligible for benefits under that program, we affirm.

The issues related to appeal A-4263-16 are more complex. In that appeal, H.T. contends that the Division improperly failed to respond to a request to transfer this matter to the Office of Administrative Law (OAL) for a hearing with respect to her request for Medicaid benefits under the separate Nursing Home Medicaid program. According to H.T., the agency responsible for evaluating her eligibility for the Nursing Home Medicaid program never sent her, or her designated representative, written notice denying her request for benefits as required by the applicable regulations and, therefore, the Division's failure to schedule a hearing, ostensibly because her request was untimely, was

an abuse of discretion. After conducting a thorough review of the record in light of the arguments raised on appeal, we remand for further proceedings.

## I.

We discern the relevant facts from the limited record before us. On March 2, 2016, H.T. was admitted to a nursing home in Union City. Willie Batista, apparently acting on H.T.'s behalf, filed a Medicaid application for the Nursing Home Medicaid program. According to the Division, applicants for the Nursing Home Medicaid Program must be clinically eligible to qualify for benefits. In order to determine if H.T. was clinically eligible, the Division contends that H.T. was evaluated by the Division of Aging Services, Office of Community Choice Options (OCCO), within the Department of Human Services. The Division further asserts that on July 29, 2016, OCCO sent a letter to H.T., "at the nursing facility where she resides," informing her that she was clinically ineligible for the program. OCCO's letter stated H.T. was deemed clinically ineligible because she failed to "meet [nursing facility] level of care in accordance with N.J.A.C. 8:85-2.1."

Because an applicant must not only qualify clinically for the Nursing Home Medicaid program, but also must establish financial eligibility, on July 21, 2016, the Hudson County Board of Social Services (BSS) sent Batista an

A-4263-16T1

"Extended Final Notice," seeking additional financial information and bank records. The July 21, 2016 letter advised Batista that if the requested information was not received by August 5, 2016, H.T.'s "case will be denied."

On August, 5, 2016, the BSS denied H.T.'s claim because H.T.'s "[g]ross income exceed[ed] 100% of [the] poverty level." The letter included standard language notifying that a fair hearing must be requested within twenty days. Notably, rather than respond to the nursing home program to which Batista initially applied, the BSS's August 5, 2016 denial related to a different program, designated in the letter as "NJ Care Special Medicaid Program." According to the Division, the NJ Care Special Medicaid program, as opposed to the Nursing Home Medicaid Program, was referenced in the letter because after H.T. was deemed clinically ineligible for the Nursing Home Medicaid Program, the BSS "evaluated her for other programs for which she might have been eligible." H.T. maintains, however, that she never received written notification of OCCO's July 29, 2016 determination until March 20, 2017, when her counsel made a formal request.

After the August 5, 2016 denial, Miriam Kaluszyner and Sam Stern, of Future Care Consultants (FCC), H.T.'s authorized representatives, communicated by email with Leah Baldwin, the BSS employee handling H.T.'s

application for Medicaid benefits. During that exchange, Kaluszyner and Stern were advised that "although she met financial eligibility for the Nursing Home [Medicaid] Program, she did not meet the clinical eligibility," based on OCCO's assessment.

H.T. filed a timely request for fair hearing with respect to the BSS's denial of benefits under the NJ Care Special Medicaid Program. Significantly, the form memorializing that request was contained as part of the August 5, 2016 denial letter which, as noted above, referred only to the NJ Care Special Medicaid Program. The matter was transmitted to the OAL and a fair hearing was held on November 1, 2016, before an Administrative Law Judge (ALJ). However, before a decision was issued by the ALJ, H.T., through counsel, submitted requests on March 20, 2017 and March 29, 2017 for a fair hearing to challenge OCCO's determination that H.T. was clinically ineligible for the Nursing Home Medicaid program.

On April 13, 2017, the ALJ issued her initial decision. She explained that OCCO found H.T. clinically ineligible for the Nursing Home Medicaid Program and, as a result, the BSS, without a request from H.T., evaluated her for "eligibility for a second program, NJ Care [Special Medicaid Program], which did not require clinical eligibility." With respect to the NJ Care Special

Medicaid Program, the ALJ concluded that H.T.'s "income exceeded the limits . . . ." The ALJ also stated as "relevant" and "undisputed" that OCCO "notified [H.T.] of its decision; H.T. was not clinically eligibl[e] for the . . . [nursing] [p]rogram[;] and . . . she did not meet [nursing facility] level of care in accordance with N.J.A.C. 8:85-2.1."

The Division issued its Final Agency Decision on June 21, 2017, which adopted, with minor amendments, the ALJ's initial decision. The Division affirmed the ALJ's finding that H.T. was financially ineligible for NJ Care Special Medicaid Program because her "income exceeded 100% of the poverty level, or $990 per month." The Division concluded that the ALJ's determination affirming the BSS's denial of benefits was reasonable as H.T. presented no evidence to contradict the BSS's finding and made no argument that she was financial eligible for that program.

The Division also acknowledged that while the appeal related to H.T.'s challenge to the BSS's denial of her eligibility for the NJ Care Special Medicaid Program, the "substance of [H.T.'s] argument . . . focused on the denial of [H.T.'s] clinical eligibility for the [Nursing Home Medicaid Program], and [DDS's] failure to issue a notice of clinical eligibility." The Division noted that

OCCO found H.T. clinically ineligible on July 29, 2016, and continued to screen H.T. for eligibility for other programs thereafter.

On appeal, H.T. asserts that the BSS improperly considered and denied her eligibility for the NJ Care Special Medicaid Program, rather than the Nursing Home Medicaid Program, which she applied for. As to her claim for benefits under the Nursing Home Medicaid Program, she continues to maintain that she never received a copy of the July 29, 2017 letter from OCCO, and the Division's failure to schedule a hearing was an abuse of discretion.

The Division argues that we should affirm its finding that she was financially ineligible for the NJ Care Special Medicaid Program based on the administrative record. As to H.T.'s request for a hearing with respect to the BSS's decision that she was clinically ineligible for the Nursing Home Medicaid Program, the Division maintains that it "reasonably declined" to take action on H.T.'s March 2017 request because it was "beyond the twenty-day window in which such a request could be made" under applicable regulations.

## II.

We accord substantial deference to a state administrative agency to the extent it acts within its sphere of delegated functions. In re Anthony Stallworth, 208 N.J. 182, 194 (2011). We generally do not overturn the agency's decision

unless it is shown to be "arbitrary, capricious, or unreasonable, or . . . not supported by substantial credible evidence in the record as a whole." Stallworth, 208 N.J. at 194 (quoting Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)) (alteration in original); see also W.T. v. Div. of Med. Assistance & Health Servs., 391 N.J. Super. 25, 36 (App. Div. 2007).

Similarly, we accord substantial deference to an "agency's interpretation of statutes and regulations within its implementing and enforcing responsibility . . . ." E.S. v. Div. of Med. Assistance & Health Servs., 412 N.J. Super. 340, 355 (App. Div. 2010) (quoting Wnuck v. N.J. Div. of Motor Vehicles, 337 N.J. Super. 52, 56 (App. Div. 2001)). We do not give deference to an agency's legal determinations. A.B. v. Div. of Med. Assistance & Health Servs., 407 N.J. Super. 330, 340 (App. Div. 2009).

III.

Appeal A-5424-16

Initially, we note that H.T. failed to brief the issue of her financial eligibility for the NJ Care Special Medicaid Program and, accordingly, any argument that she is financially eligible for that program is deemed waived. See El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155 n.2 (App. Div. 2005). Even if we consider the merits of H.T.'s appeal, moreover, we conclude

that the Division did not abuse its discretion when it determined that H.T. was financially ineligible for that program. The BSS, after requesting financial information from H.T., found that she was financially ineligible "because her income exceeded 100% of the poverty level, or $990 per month." H.T. did not challenge that finding by way of competent evidence or otherwise before the BSS, ALJ, or Division. On these facts, there is no basis to disturb the June 21, 2017 Final Agency Decision.

Appeal A-4263-16

With respect to the Division's failure to act on H.T.'s request for a fair hearing, a remand is necessary so that OAL can develop an appropriate factual record regarding H.T.'s receipt of the July 29, 2016 letter from OCCO.

The New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5, provides the authority for New Jersey's participation in the federal Medicaid program. The Division is the administrative agency within the Department of Human Services that is charged with administering the Medicaid program. N.J.S.A. 30:4D-7. In this regard, the Division has the authority to oversee all State Medicaid programs and issue "all necessary rules and regulations." Ibid. Under the applicable regulations, if an applicant is denied Medicaid benefits, "[i]t is the right of every applicant . . . to be afforded the

opportunity for a fair hearing in the manner established by the policies and procedures set forth in N.J.A.C. 10:49-10 and 10:69-6." N.J.A.C. 10:71-8.4(a). Applicants have the right to fair hearings when "their claims . . . are denied or are not acted upon with reasonable promptness . . . ." N.J.A.C. 10:49-10.3(b). Requests for fair hearings must be submitted to the Division in writing within twenty days of the denial, reduction, or partial denial of Medicaid benefits. N.J.A.C. 10:49-10.3(b)(1) and (3).

Here, we conclude that the record is insufficient for us to conclude factually when H.T. received the July 29, 2016 letter notifying her that she was deemed clinically ineligible for the Nursing Home Medicaid Program. In this regard, we do not believe that the Division's and ALJ's findings that H.T. received the July 29, 2016 letter resolves the issue for two, independent reasons.

First, the issue before the ALJ was not whether H.T. received the July 29, 2016 letter, or if she qualified for the Nursing Home Medicaid Program, but rather, whether the BSS properly concluded that she was financially ineligible for the NJ Care Special Medicaid program. As the Division concedes on appeal, the Division has taken no action with respect to H.T.'s March 2017 request for a fair hearing on her challenge to OCCO's determination that she was clinically

ineligible for the Nursing Home Medicaid Program. Thus, any findings with respect to that program by the ALJ and the Division are, at best, dicta.

Second, we conclude that to the extent the ALJ made findings with respect to H.T.'s receipt of the July 29, 2016 letter, those findings were not supported by substantial, credible evidence in the record. The ALJ does not cite or rely upon any witness testimony to support the conclusion that the OCCO notified H.T. of its decision. And, rather than an "uncontested" fact, as characterized by the ALJ, H.T., through counsel, has continuously maintained that she did not receive the July 29, 2016 letter, and requested a fair hearing to dispute OCCO's clinical finding.[1]

Further, while we acknowledge that in certain circumstances, there is a legal presumption of proper mailing, we cannot conclude that presumption

---

[1] Pursuant to N.J.A.C. 8:85-1.8(e)(3)(ii)(1), the OCCO is required to mail an executed denial letter to an individual deemed clinically ineligible. We reject any claim that the August 15, 2017 email exchange between the BSS employee and H.T.'s representatives, informing them of H.T.'s denial, satisfied the Division's notice obligations. See N.J.A.C. 10:71-8.3 ("The county welfare agency shall promptly notify, in writing, the applicant for . . . Medicaid . . . of any agency decision."); Meyer v. N.J. Dep't of Human Servs., Div. of Family Dev., 269 N.J. Super. 310, 313 (App. Div. 1993) ("[D]ue process requires the agency to [provide] . . . detailed information . . . to enable claimant to understand what the agency has decided, so that they may assess the correctness of the agency's decision, make an informed decision as to whether to appeal, and be prepared for the issue to be addressed at the hearing.") (quoting Ortiz v. Eichler, 616 F.Supp. 1046, 1062 (D.Del. 1985)).

should be afforded to the Division on this record. See First Resolution Investment Corp. v. Seker, 171 N.J. 502 (2002) (discussing Rule 1:5-4, which provides that service by regular mail is complete upon mailing, only if sent simultaneously with certified or registered mail); see also SSI Med. Servs. v. HHS, Div. of Med. Assistance & Health Servs., 146 N.J. 614, 621, 623 (1996) (holding that the presumption of proper mailing can be invoked by proof: "(1) that the mailing was correctly addressed; (2) that the proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office," or evidence of business mailing custom or practice, along with "other corroboration that the custom was followed in a particular instance.").

Initially, we note that the July 29, 2016 letter is unsigned. Further, the Division failed to establish by direct or circumstantial evidence that it actually mailed the July 29, 2016 letter, and that it was received by H.T., or her designated representative, at the nursing home address as shown on the letter. In this regard, the record is devoid of a certification of service, or testimony regarding the Division's practice and procedure in mailing correspondence by regular mail. The Division has furnished no corroborating proof of OCCO's

mailing customs, either in an appellate appendix or the statement of items comprising the record pursuant to Rule 2:5-4(b).

We further observe that it would be illogical for H.T., and her attorney, to disregard the July 29, 2016 letter and wait eight months before pursuing a fair hearing. After receiving the August 5, 2016 denial letter, H.T. responded within twenty days with a timely fair hearing request with respect to the BSS's denial of benefits under the NJ Care Special Medicaid Program. These events are consistent with H.T.'s assertion that she never received the letter on July 29, 2016 or within the twenty-day period of its issuance.

For the aforementioned reasons, we conclude that the matter must be remanded to the Division. We are mindful that H.T. and her designated representative have not tendered a certification attesting, under penalty of perjury, that she did not receive the July 29, 2016 letter. As a condition of a remand, H.T.'s representative must submit such a certification to the Division within fifteen days of our opinion. If the Division is satisfied with the certification and abandons its position that service was properly made upon H.T., then the merits of the case shall proceed expeditiously to a fair hearing. If, however, the Division continues to doubt H.T.'s claim that she was not served with the July 29, 2016 letter, the matter shall be referred to the OAL for a fact-

13

finding hearing initially to determine when H.T. received the July 29, 2016 letter, and if she made a timely request for a fair hearing. The OAL's ruling on those subjects may then, in turn, be reviewed or challenged before the agency, and ultimately by this court if further review is sought.

Affirmed as to appeal A-5424-16, and remanded as to appeal A-4263-16 for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4263-16T1